NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHU TRAN,<br><br>                Petitioner,<br><br> vs.<br><br>MALFI, Warden,<br><br>                Respondent. | No. C 06-6374 JF (PR)<br><br>ORDER TO SHOW CAUSE;<br>DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL<br>WITHOUT PREJUDICE<br><br><br><br>(Docket No. 5) |

      Petitioner, a state prisoner proceeding <u>pro se</u>, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court denied Petitioner's motions to proceed in forma pauperis and ordered Petitioner to pay the filing fee.  Petitioner paid the $5.00 filing fee on March 20, 2007.  Petitioner has filed a motion for appointment of counsel. The Court will DENY Petitioner's motion for appointment of counsel (docket no. 5) without prejudice and order Respondent to show cause why the petition should not be granted.

\\\

\\\

## BACKGROUND

Petitioner pled guilty in Santa Clara Superior Court to possession of cocaine base (Cal. Health and Safety Code § 11350(a)) and misdemeanor driving on a suspended or revoked license. (Cal. Veh. Code § 14601.2(a)).  Petitioner also admitted that he had three prior convictions that qualified as "strikes" under California's "Three Strikes" law (Cal. Pen Code § 1170.12) and had served three prior prison terms (Cal. Pen Code § 667.5(b)). On August 7, 2003, the trial court denied Petitioner's motion to strike his prior convictions, but the court struck the prison priors.  Petitioner was sentenced to a term of twenty-five years-to-life in state prison.

Petitioner filed a direct appeal and the state appellate court reversed the judgment and remanded to the trial court for the limited purpose of reconsideration of the motion to strike Petitioner's prior convictions.  On remand, the trial court denied Petitioner's motion to strike his prior convictions and re-sentenced Petitioner to twenty-five years-to-life, applying the appropriate pre-sentence custody credits.  Thereafter, Petitioner appealed and the state appellate court affirmed the judgment.  The state supreme court denied a petition for review in 2005.  Petitioner filed a habeas petition with the state supreme court, which was denied on August 16, 2006.  The instant petition was filed on October 11, 2006.

## DISCUSSION

**A.    The Merits**

     1.    <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

### 2. Petitioner's Claims

Petitioner alleges the following claims for federal habeas relief: (1) the sentence imposed constitutes cruel and unusual punishment under the state and federal constitutions and is disproportionate in comparison to punishments for more serious offenses; (2) the trial court abused its discretion in denying Petitioner's motion to strike the prior convictions in violation of due process; and (3) ineffective assistance of counsel. Liberally construed, Petitioner's claims are sufficient to require a response. The Court orders Respondent to show cause why the petition should not be granted.

### B. Motion for Appointment of Counsel

Petitioner moves the Court to appoint him counsel. Petitioner contends that appointment of counsel is necessary because he is not trained in the law, has limited law library access for purposes of researching and preparing pleadings, and his habeas petition states a prima facie case for relief. Petitioner alleges that he has a mental impairment which renders him incompetent to understand court rules and procedures, which is an extraordinary circumstance beyond his control. See Pet's Mot. at 1-2.

However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

The Court concludes that the interests of justice do not require appointment of counsel at this time. Petitioner has clearly articulated his claims and the issues presented appear straightforward. Accordingly, no evidentiary hearing is necessary at this time. Petitioner's motion for appointment of counsel (docket no. 5) is DENIED without prejudice.

**CONCLUSION**

1. Petitioner's motion for appointment of counsel (docket no. 5) is DENIED without prejudice.

2. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 1) upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state criminal proceedings that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving a copy on Respondent within **thirty days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."

\\\

\\\

1  Petitioner must comply with the Court's orders in a timely fashion.  Failure to do so may
2  result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
3  Civil Procedure 41(b).
4       IT IS SO ORDERED.
5  Dated:      3/29/07
6                                              JEREMY FOGEL
                                                United States District Judge

Order to Show Cause; Denying Motion for Appointment of Counsel Without Prejudice
P:\pro-se\sj.jf\hc.06\Tran374oscatty          5

1 | A copy of this order was mailed to the following:

3 | Chu Tran
V-03081
4 | CSP-Sacramento
P.O. Box 290066
5 | Represa, CA  95671

Order to Show Cause; Denying Motion for Appointment of Counsel Without Prejudice
P:\pro-se\sj.jf\hc.06\Tran374oscatty                6