NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHU TRAN, | No. C 06-06374 JF (PR) |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| vs. | |
| JAMES WALKER, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the ground that his state conviction is unconstitutional. The Court found that the petition stated cognizable claims and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition, and Petitioner filed a traverse. Having reviewed the papers and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claims presented and will deny the petition.

///
///
///
///

# BACKGROUND[1]

Petitioner pleaded guilty in the Santa Clara Superior Court to felony possession of cocaine base and misdemeanor driving on a suspended or revoked license. Petitioner admitted to three prior convictions that qualified as strikes under California's Three Strikes Law and to having served three prior prison terms. On August 7, 2003, the trial court denied Petitioner's motion to strike the prior convictions, but did strike the prison priors. Petitioner was sentenced to a prison term of 25 years to life pursuant to California Penal Code § 667(b)-(i).[2]

Petitioner appealed his conviction. On August 31, 2004, the California Court of Appeal found that Petitioner's sentence may have been based on misinformation regarding two of the prior felony convictions and that the trial court had erred in denying petitioner pre-sentence credits. The state appellate court reversed and remanded the judgment for the limited purpose of reconsideration of the motion to strike the prior convictions, and if necessary, for re-sentencing consistent with the trial court's decision thereon. After reviewing the record, the trial court again denied Petitioner's motion to strike his prior convictions and re-sentenced him to a prison term of 25 years to life. The California Court of Appeal affirmed the re-sentencing decision on September 30, 2005. On August 16, 2006, the California Supreme Court denied review. Petitioner filed the instant federal petition on October 11, 2006.

# DISCUSSION

**A.     Standard of Review**

Because the instant petition was filed after April 24, 1996, it is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes significant restrictions on the scope of federal habeas corpus proceedings. Under

---

[1] The relevant facts are drawn from the opinion of the California Court of Appeal, <u>People v. Tran</u>, No. H028827, slip op. 1-2 (Cal.Ct.App. Sept. 30, 2005) (Resp't Ex. 14).

[2] All statutory references are to the California Penal Code unless otherwise noted.

AEDPA, a federal court cannot grant habeas relief with respect to a state court proceeding unless the state court's ruling was "contrary to, or an involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409. The "objectively unreasonable" standard does not equate to "clear error" because "[t]hese two standards . . . are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

A federal habeas court may grant the writ it if concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless petitioner rebuts the presumption of correctness by

1  clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

2  **B.    Legal Claims and Analysis**

3    1.  <u>Disproportionate Sentencing</u>

4    Petitioner claims that the trial court violated the Eighth Amendment's prohibition against cruel and unusual punishment by sentencing him to a disproportionate prison term of 25 years-to-life under California's Three Strikes Law, (Penal Code § 667(b)-(i)).  "The Eight Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." <u>Ewing v. California</u>, 538 U.S. 11, 23 (2003) (citations omitted).  The Supreme Court has made clear that "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework [in 28 U.S.C. § 2254(d)(1)] is the gross disproportionality principle," which is applicable only in "exceedingly rare" and "extreme" cases.  <u>Lockyer v. Andrade</u>, 538 U.S. 63, 73 (2003).  In determining whether a sentence is grossly disproportionate under a recidivist sentencing statute, the court looks to whether such an "extreme sentence is justified by the gravity of [an individual's] most recent offense and criminal history."  <u>Ramirez v. Castro</u>, 365 F.3d 755, 768 (9th Cir. 2004); <u>compare</u> <u>id.</u> (holding sentence of twenty five years to life on petty theft with prior conviction was grossly disproportionate to crime where previous two strikes did not involve violence and where both strikes were the result of one negotiated plea resulting in a one-year county jail sentence) with <u>Rios v. Garcia</u>, 390 F.3d 1082, 1086 ( 9th Cir. 2004) (holding sentence of twenty-five years to life not grossly disproportionate for conviction of petty theft with a prior where defendant struggled with guard to prevent apprehension and prior convictions of robbery involved threat of violence "because his cohort used a knife").  In considering the relevance of the recent offense and criminal history, a court must consider the "factual specifics" of an individual's priors to determine whether the conduct involved violence or was particularly serious.  <u>Reyes v. Brown</u>, 399 F.3d 964, 970 (9th Cir. 2005).

  Petitioner was sentenced pursuant to California's Three Strikes Law, which is

triggered when a defendant is convicted of a felony, and he has suffered one or more prior "serious" or "violent" felony convictions. See Cal. Penal Code § 667(e)(2)(A). Under the relevant statute, any felony conviction may constitute the third strike and subject a defendant to a term of 25 years to life in prison. Lockyer, 538 U.S. at 67.

Petitioner's triggering offense was possession of cocaine base, which properly was charged as a felony under California law. His prior convictions, both of which occurred within the preceding ten years, involved crimes of violence, and his criminal history was lengthy as described by the state appellate court in its denial of his claim on appeal:

> This court described the particulars of [Petitioner's] background in the prior appeal as follows:
> "[Petitioner] was born in 1968 in Vietnam and is 'Amerasian.' He attended elementary school in Vietnam and worked there as a cook in a relative's restaurant from 1978 to 1991. The week after his arrival in this country in November 1991, he left his foster family and began living on his own. He worked in various short-term jobs and was arrested in 1992 for misdemeanor vandalism. After being granted probation, [Petitioner] provided a false address and failed to report.
> "In November 1992, [Petitioner] was convicted of misdemeanor driving under the influence and his license was suspended. In February 1993, [Petitioner] was arrested for driving under the influence causing injury and driving on a suspended or revoked license. His probation for vandalism was revoked and he was sentenced to 30 days in jail. In March 1993, [Petitioner] pled guilty to the February 1993 offenses and was granted probation for three years. [¶]...[¶]
> "In September 1993, [Petitioner's] probation was revoked and a bench warrant was issued when [Petitioner] violated the terms of his probation, including testing positive for alcohol in July 1993, and leaving the state without permission. He was returned to custody in February 1994, and was subsequently committed to state prison. He was paroled in August 1994. In December 1994 he was cited and later convicted of being drunk in public.
> "In January 1995, [Petitioner] was arrested for petty theft and ultimately served 10 days in county jail. He was also arrested for stalking and two assaults with a deadly weapon based on incidents that had occurred the previous month. [Petitioner] had threatened a woman after producing a hammer, and later confronted the woman and her husband while holding a knife. A jury found [Petitioner] guilty of these charges and, in June 1995, he was sentenced to state prison for six years.
> "In August 1996, [Petitioner] was sentenced to state prison for two years for weapons offenses, for incidents that had occurred in October 1994 when [Petitioner] sold firearms to undercover officers. In October 2000, after his release from prison, [Petitioner] was convicted of misdemeanor battery on a cohabitant and making criminal threats, and was granted probation. His probation was revoked in May 2003, after defendant committed the current offenses. In October 2002, [Petitioner] was convicted of driving with a suspended license and was granted probation.
> "The current offenses occurred on January 7, 2003. [Petitioner] was

> stopped after driving erratically, and officers determined that he was driving with a suspended license and had .66 grams of cocain base in his car. After his arrest, [Petitioner] agreed to cooperate with police, enabling them to arrest his dealer."

People v. Tran, slip op. at 4-5.

Based on the Petitioner's lengthy history of criminal recidivism, which includes crimes of violence involving deadly weapons, his sentence cannot be said to be grossly disproportionate within the meaning of the Eighth Amendment. See Rios, 390 F.3d at 1086. Accordingly, the state court's rejection of petitioner's Eighth Amendment claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or involved an objectively unreasonable determination of the facts. See 28 U.S.C. § 2254(d).

    2.    <u>Failure to Strike Prior Convictions</u>

Petitioner next claims that the trial court abused its discretion in denying his motion to strike his prior convictions under California Penal Code § 1385, and thereby violated his right to due process. However, a claim of state law sentencing error does not raise a federal constitutional question for federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 783 (1990). An alleged violation of the California Penal Code then is not cognizable in federal habeas corpus. See Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir. 1989) (alleged violation of § 654 is State law claim not cognizable in federal habeas under § 2254). State sentencing courts must be accorded wide latitude in their decisions as to punishment. See Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987), cert. denied, 488 U.S. 926, 488 U.S. 981 (1988). Generally, a federal court may not review a state sentence that is within statutory limits. See id. Respondent is correct that Petitioner's assertion that the trial court's exercise of its discretion denied him his federal right to due process will not automatically "transform a state law issue into a federal one...." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Even so, a state may have violated a criminal defendant's due process right to fundamental fairness if it arbitrarily deprives the defendant of a state law entitlement. See Hicks v. Oklahoma, 447 U.S. 343,

346 (1980).

The California Supreme Court has held that a trial court retains its power under section 1385 to strike a prior conviction for purposes of the Three Strikes Law. See People v. Superior Court (Romero), 13 Cal. 4th 497, 53 Cal. Rptr. 2d 789, 808 (1996). A trial court may exercise the power to dismiss granted in section 1385 and, on its own motion or on that of the prosecutor, strike some or all of the prior conviction allegations. See id. at 801-10. Assuming arguendo that this section creates a "state law entitlement" under Hicks, 447 U.S. at 346, such that Petitioner has a constitutional claim, this Court then must determine whether the deprivation, *i.e.*, the trial court's decision not to exercise its authority under section 1385 to strike Petitioner's prior convictions, was arbitrary and therefore objectively unreasonable. See Hicks, 447 U.S. at 346. In this case, it was not.

The state appellate court concluded that the trial court's decision to deny Petitioner's motion to strike prior convictions was neither "irrational nor arbitrary":

> In announcing its ruling, the court did not rely on any impermissible factors. Rather, the court properly considered [Petitioner's] extensive criminal history, which includes three prior strikes, three other prior felony convictions, and eight prior misdemeanor convictions over the course of a 10-year period. The court also considered [Petitioner's] history of probation violations, and the fact that [Petitioner's] strike priors involved the personal use of a deadly weapon. The court then conclude that [Petitioner] cannot be deemed outside the spirit of the Three Strikes law, in whole or in part, and therefore should not be treated as though he did not have one or more prior strikes. [citation omitted] As the record demonstrates that the trial court considered relevant factors and reached a decision in conformity with the sentencing scheme's spirit, and that the decision is neither irrational nor arbitrary, we must affirm the trial court's decision denying [Petitioner's] motion to strike the strikes.

People v. Tran, slip op. at 7.

As the state appellate court concluded, the trial court's denial of Petitioner's motion was not arbitrary, nor was it based on impermissible factors. Id. The trial court properly considered Petitioner's criminal history, which involved the personal use of a deadly weapon. Id. Accordingly, the state court's rejection of petitioner's claim was not contrary to, or involved an unreasonable application of, clearly established Supreme

1 Court precedent, or involved an objectively unreasonable determination of the facts.  See
2 28 U.S.C. § 2254(d).

### 3. Ineffective Assistance Of Counsel

Petitioner's final claim is that his trial counsel rendered constitutionally ineffective assistance of counsel based upon the following: 1) counsel mislead Petitioner when she advised Petitioner that he would receive a drug treatment program if he pleaded guilty; and 2) trial counsel failed to advise him before sentencing that he faced a sentence of 25 years to life.  Petitioner alleges that but for counsel's ineffective assistance, he would have demanded a trial rather than plead guilty.

A defendant who enters a guilty plea on the advice of counsel generally may only attack the voluntary and intelligent character of the guilty plea only by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases.[3]  See Hill v. Lockhart, 474 U.S. 52, 56 (1985); Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988).  A defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must satisfy the two-part standard of Strickland v. Washington, 466 U.S. 668, 687 (1984) by showing "that (1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Womack v. Del Papa, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting Hill, 474 U.S. at 57-59); see also Iaea v. Sunn, 800 F.2d 861, 864-65 (9th Cir. 1986) (same).

///

///

Respondent argues that Petitioner's claim is belied by the record, citing the

---

[3] The decision whether or not to accept a plea offer is a critical stage of the prosecution at which the Sixth Amendment right to counsel attaches.  Iowa v. Tovar, 541 U.S. 77, 80-81 (2004); Turner v. Calderon, 281 F.3d 851, 879 (9th Cir. 2002).

1  following colloquy during the proceedings before the trial court:

2      THE COURT: ... Mr. Tran, good afternoon, sir.  I will ask you to listen
3      carefully.  Your client is here without an interpreter.  Does he need the
    services of an interpreter?

4      [PETITIONER]: No.

5      MS. HAYES: He always spoke in English.

6      THE COURT: Ms. Hayes.

7      MS. HAYES: Your Honor, as this case stands right now it's a three strikes
    case.  There are also a number of prison priors.  I believe the sentence that
8      the Court would have to impose based on the charge is 28 years to life.
    However, just this morning I wrote to the three strikes committee out of the
9      District Attorney's office requesting they review the case for a particular
    reason.  I may at the time of sentencing request to have a Romero hearing
10     based on the same reasoning depending on what the action of the committee
    is.
11         I wanted to let the Court know both of those will be going on at the
    same time.  I explained it to Mr. Tran. He understands it.
12

13     THE COURT: Mr. Tran, do you have any questions about what your
    attorney just said? Do you understand it's possible as a result of your plea
    here today if you enter a plea that you may eventually be sentenced to the
14     state prison for a term of 28 years minimum up to and including life, that is,
    dying in prison.
15
    [PETITIONER]: Yes.
16
    THE COURT: Mr. Boyd, do you have anything to add to anything that's
17     been said?

18     MR. BOYD: Just Mr. Tran understands that's what will happen, that is
    what is going to happen here in this court unless our office dismisses strikes
19     or if this Court dismisses strikes, this is what will happen.

20     THE COURT: Do you understand?

21     [PETITIONER]: Yes.

22     THE COURT: Mr. Tran, I am going to ask you a series of questions.  While
    I am doing so if there is anything you don't understand let me know, raise
23     your hand.  If you wish a moment to speak with your attorney about any
    issue or question you have let me know, I will be glad to give you that
24     opportunity to talk privately with her.

25     [PETITIONER]: Yes.

26     ...

27

28     THE COURT: Has anyone made any promises to you such as a lower
    sentence or anything of that nature in order to induce you to plead guilty to

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.06\Tran374_denyHC.wpd         9

> this offense? ...Has anybody promised you a lesser sentence than this 28 years to life?
>
> [PETITIONER]: No.
>
> ...
>
> THE COURT: That's fine. Have you had enough time to talk with your attorney over a period off days or weeks and including today, have you had enough time to talk to her and other attorneys of the Public Defender's Office, have you had enough time to talk to them so you can feel comfortable in that you know what you're being charged with?
>
> PETITIONER: Yes.
>
> THE COURT: Have you had a chance to discuss any and all possible defenses you might have to that charge?
>
> [PETITIONER]: Yes.
>
> THE COURT: Ms. Hayes, you're satisfied you discussed all these matters with him?
>
> MS. HAYES: Oh, yes, we have.

(Resp't 12-13; Ex. 2, vol. 2 at 7-8, 12-13, 15-16).

Petitioner's claim that his counsel provided ineffective assistance in failing to inform him of the sentencing consequences of entering a guilty plea indeed is contradicted by the record. His counsel stated before the Court that she had discussed with Petitioner the fact that his was a Three Strikes case. Id. The trial court asked Petitioner personally if he understand that he eventually would receive a minimum sentence of 28 years to life, which might include his "dying in prison," and Petitioner responded "Yes." Id. Petitioner also confirmed that no one had made any promises, such as a lesser sentence or that he would receive drug treatment program, to induce him to enter a guilty plea. Id. Petitioner has failed to provide any evidence to the contrary.

Accordingly, the state court's denial of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d)(1), (2).

Case 5:06-cv-06374-JF   Document 21   Filed 08/19/08   Page 11 of 11

**CONCLUSION**

The Court concludes that Petitioner has failed to show any violation of his federal constitutional rights in the underlying state criminal proceedings. Accordingly, the petition for writ of habeas corpus is DENIED.

IT IS SO ORDERED.

DATED: 8/12/08

JEREMY FOGEL
United States District Judge

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.06\Tran374_denyHC.wpd

11